# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMMITT HOUSE, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) Case No.   CIV-17-957-R |
| | ) |
| CREDIT ONE BANK, TINKER FEDERAL | ) |
| CREDIT UNION and FED LOAN SERVICING | ) **COMPLAINT AND** |
| Defendants. | ) **JURY DEMAND** |
| | ) |
| | ) |

Plaintiff EMMITT HOUSE as and for his Complaint respectfully alleges:

## I.     INTRODUCTION

1.     This is a civil action by Plaintiff EMMITT HOUSE, an individual consumer, seeking actual, statutory and punitive money damages against Defendants CREDIT ONE BANK, TINKER FEDERAL CREDIT UNION and FED LOAN SERVICING for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

## II.    JURISDICTION AND VENUE

2.     Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.    PARTIES

3. Plaintiff, EMMITT HOUSE, is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4. Upon information and belief, Defendant CREDIT ONE BANK is a Nevada entity with its principal place of business located at 585 E Pilot Rd., Las Vegas, Nevada, 89119.

5. Upon information and belief, Defendant TINKER FEDERAL CREDIT UNION is an Oklahoma entity with its principal place of business located at 715 Metropolitan Ave., Oklahoma City, Oklahoma, 73108.

6. Upon information and belief, Defendant FED LOAN SERVICING is a Pennsylvania entity with its principal place of business located at 1200 N. 7th Street Harrisburg, Pennsylvania, 17102.

7. Defendants CREDIT ONE BANK, TINKER FEDERAL CREDIT UNION and FED LOAN SERVICING are "furnishers of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

8. Defendants CREDIT ONE BANK, TINKER FEDERAL CREDIT UNION and FED LOAN SERVICING are furnishers of information to Trans Union, Equifax and Experian, "consumer reporting [agencies] that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## IV. FACTS OF THE COMPLAINT

9. On or about October 7, 2016, Plaintiff applied for and was denied a residential mortgage loan and, thereafter, obtained a copy of his consumer report and discovered incomplete and inaccurate and false information furnished by Defendants.

10. Defendant FED LOAN SERVICING furnished two trade lines with credit limits of $2,904 and $1,750.

11. Defendant TINKER FEDERAL CREDIT UNION furnished a trade line with a credit limit of $1,000.

12. Defendant CREDIT ONE BANK furnished a trade line with a credit limit of $400.

13. The trade line information furnished by Defendants to consumer reporting agencies on Plaintiff's consumer report is false, inaccurate and unverifiable.

14. On November 8, 2016, Plaintiff mailed a letter to Trans Union LLC ("TransUnion"), Equifax Information Services LLC ("Equifax") and Experian Information Solutions, LLC ("Experian") to dispute the accuracy of the information furnished by Defendants pursuant to 15 U.S.C. § 1681i(a). Plaintiff received re-investigation results where Defendants failed to notate that the information was being disputed pursuant to 15 U.S.C. § 1681s-2(b)(1).

15. Upon information and belief, Trans Union, Equifax and Experian sent a dispute communicating to Defendants providing all relevant disputed information.

16. Upon information and belief, Defendants verified to TransUnion, Equifax and Experian but failed to notate the disputed trade line as disputed.

17. On or about December 9, 2016, Plaintiff received re-investigation results from Equifax and Defendants failed to notate that the information was disputed.

18. On or about February 8, 2017 Plaintiff received re-investigation results from Equifax and Defendants Fed Loan Servicing and Credit One Bank failed to notate that the information was disputed.

19. On or about March 25, 2017 Plaintiff received re-investigation results from Transunion and Defendant Tinker Federal Credit Union failed to notate that the information was disputed.

20. On or about March 26, 2017 Plaintiff received re-investigation results from Equifax and Defendants failed to notate that the information was disputed.

21. As a result of the actions and inactions of defendants, Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

### V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(A)

22. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 21 above.

23. Defendants have violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to notate the information as disputed after been contacted by the Consumer Reporting Agencies.

24. Defendants caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

25. Defendants conduct was negligent and/or willful.

26. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

27. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(B)

28. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 27 above.

29. Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and TransUnion, and to notate the disputed information as disputed to Equifax, Experian and TransUnion.

30. Defendants caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff credit reputation and rating, and other injuries and damages to Plaintiff.

31. Defendants conduct was negligent and/or willful.

32. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

33. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(C)

34. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 33 above.

35. Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the notation of the disputed information to the consumer reporting agencies.

36. Defendants caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

37. Defendants conduct was negligent and/or willful.

38. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

39. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(D)

40. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 39 above.

41. Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to the consumer reporting agencies that the information was being disputed.

42. Defendants caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

43. Defendants conduct was negligent and/or willful.

44. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

45. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### IX.   FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)

46. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 45 above.

47. Defendants have violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have a procedure to modify the information in their system and report the disputed information with consumer reporting agencies.

48. Defendants caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

49. Defendants conduct was negligent and/or willful.

50. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

51. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

52. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### IX. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff EMMITT HOUSE respectfully demands a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Cost and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 6, 2017         By:   s/ Tiffany Hill
                                                Tiffany Hill, Esq. (OBA# 31332)
                                                1415 NW 43rd St
                                                Oklahoma City, OK 73118
                                                Tel.: (405) 216-3126
                                                Email: tiffany@thlegalconsulting.com
                                                *ATTORNEY FOR PLAINTIFF*