IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMMITT HOUSE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No.  CIV-17-957-R |
| CREDIT ONE BANK, TINKER FEDERAL CREDIT UNION and FED LOAN SERVICING, | ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANT FED LOAN SERVICING'S MOTION TO DISMISS THE COMPLAINT OF PLAINTIFF EMMITT HOUSE AND BRIEF IN SUPPORT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Fed Loan Servicing ("Fed Loan Servicing" or "Defendant") respectfully moves this Court for the dismissal of the Claims (the "Claims") asserted against it by Plaintiff Emmitt House ("Plaintiff") and filed in this case on September 6, 2017 for his failure to state a claim upon which relief can be granted. Plaintiff's Claims are mere threadbare recitations of Fair Credit Reporting Act (the "FCRA") violations and are comprised of wholly conclusory allegations with no factual or legal support. Plaintiff presents no cognizable legal theory upon which Plaintiff could be entitled to relief and no factual allegation of wrongdoing by Defendant so as to state an actionable claim, under any cognizable legal theory. As a result, the Claims asserted against Defendant should be dismissed.

### INTRODUCTION

Plaintiff asserts five (5) claims for relief against Fed Loan Servicing and its co-Defendants, Credit One Bank and Tinker Federal Credit Union ("Defendants"), for violations of the FCRA, 15 U.S.C. §1681.  The basis for each of Plaintiff's Claims is that

Defendants failed to notate trade lines furnished to consumer reporting agencies pertaining to Plaintiff as disputed. *See* Complaint, p. 2–7, ¶¶ 14, 16, 18, 23, 29, 35, 41, 47. Plaintiff's Claims are flawed, however, in that they allege several violations of the FCRA against Defendants, including Fed Loan Servicing, which even if true[1] do not provide a private right of action. As a result, Plaintiff's Claims should be dismissed as to Fed Loan Servicing since Plaintiff has no standing to bring his Claims under the FCRA.

## ARGUMENT AND AUTHORITIES

### I.    STANDARD FOR MOTION TO DISMISS

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Tenth Circuit explains this to mean that while "we accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same, . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (internal citations omitted). Moreover, "complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action . . . will not do." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)).

---

[1] Fed Loan Servicing denies all wrongdoing.

Where the pleading standard of Federal Rule of Civil Procedure (8)(a)(2) is not met, a court may dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.  BASED ON PLEADING DEFICIENCIES AND LACK OF FACTUAL SUPPORT, EACH OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED.[2]**

**A.  No Private Right of Action Exists For Failing to Mark a Consumer Report as Disputed Under the FCRA.**

Defendant has failed to state a claim under the FCRA. Section 1681s-2 of the FCRA imposes various duties for entities that furnish information to credit reporting agencies, like Fed Loan Servicing. *See* 15 U.S.C. §1681s-2. Not all duties imposed upon furnishers by the FCRA, however, provide a private right of action. The only existing private right of action as to a furnisher of information under the FCRA relates to a furnisher's duty to investigate upon notification of a dispute per the requirements of 15 U.S.C. §1681s-2(b).[3] *See* 15 U.S.C. §1681s-2(c).[4] In sharp contrast to 15 U.S.C. §1681s-

---

[2] Each of Plaintiff's Claims is based fully or in substantial part upon the contention that Defendant failed to notate disputed information as disputed to consumer reporting agencies. As a result, ***Section A*** will address why this reliance fails to state a claim upon which relief can be granted. Plaintiff's Second and Fifth Claims for Relief make this contention, but with an additional ground for relief. Thus, ***Section B*** and ***Section C*** will address each of these additional grounds for relief separately to demonstrate why they too fail to state a claim upon which relief can be granted.

[3] "**(b) Duties of furnishers of information upon notice of dispute**
  **(1) In general**
  After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
    **(A)** conduct an investigation with respect to the disputed information;

3

2(b), no private right of action exists for alleged violations of a furnisher's duty to provide accurate information per the requirements of 15 U.S.C. §1681s-2(a).[5] *See* 15 U.S.C. §1681s-2(c); *Brunson v. Provident Funding Assocs.*, 608 F. App'x 602, 611 (10th Cir. 2015) ("[W]hile [the] FCRA allows federal agencies and state officials to enforce these obligations [of 15 U.S.C.A. § 1681s-2(a)], it does not allow consumers . . . a private

---

        **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
        **(C)** report the results of the investigation to the consumer reporting agency;
        **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
        **(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
        **(i)** modify that item of information;
        **(ii)** delete that item of information; or
        **(iii)** permanently block the reporting of that item of information."
    15 U.S.C.A. § 1681s-2(b).

[4] "**(c) Limitation on liability**
    Except as provided in section 1681s(c)(1)(B) of this title, sections 1681n and 1681*o* of this title do not apply to any violation of--
        **(1)** subsection (a) of this section, including any regulations issued thereunder;
        **(2)** subsection (e) of this section, except that nothing in this paragraph shall limit, expand, or otherwise affect liability under section 1681n or 1681*o* of this title, as applicable, for violations of subsection (b) of this section; or
        **(3)** subsection (e) of section 1681m of this title." 15 U.S.C.A. § 1681s-2(c).

[5] "**(3) Duty to provide notice of dispute**
    If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. §1681s-2(a)(3).

right of action to do so."). Section 1681s–2(a) only provides a right of action against the credit reporting agency; it does not extend to furnishers. *Sanders v. Mountain Am. Fed. Credit Union,* 689 F.3d 1138, 1147 (10th Cir. 2012). As a result, since the duty of a furnisher to notate that a trade line is disputed to consumer reporting agencies falls squarely within the realm of the duty to provide accurate information per 15 U.S.C. §1681s-2(a), no private right of action exists for such a claim.

      Here, Plaintiff fails to state a claim with a private right of action under the FCRA. Plaintiff's overriding allegation is that Defendant failed to notate a disputed trade line as disputed–a classic 15 U.S.C. §1681s-2(a) allegation. *See* Complaint p. 3, ¶ 16. Prior to reaching this conclusion, however, Plaintiff lays out the prerequisites of a 15 U.S.C. §1681s-2(b) claim in an attempt to slide his way into court for claims that he is not entitled to bring. This was done as follows: Plaintiff alleges that Defendant furnished inaccurate trade line information to consumer reporting agencies. *See* Complaint, p. 3 ¶ 13. Next, Plaintiff alleges he mailed a letter to consumer reporting agencies to dispute the accuracy of this information pursuant to 15 U.S.C. §1681i(a). *See* Complaint, p. 3 ¶ 14. Finally, Plaintiff alleges the consumer reporting agencies notified Defendant about the disputed information. *See* Complaint, p. 3 ¶ 15. While this setup seems to lead one to anticipate that Plaintiff is about to lay out a claim under 15 U.S.C. §1681s-2(b), Plaintiff fails to state any facts that demonstrate a violation of any of the enumerated standards set forth in § 1681s-2(b). Indeed, the Claims that follow Plaintiff's factual contentions revert back to his overriding allegation based on 15 U.S.C. §1681s-2(a), ***for which no private right of action exists.***

In each of his Claims, although Plaintiff cites 15 U.S.C. §1681s-2(b)–for which a private right of action exists–Plaintiff fails to allege any facts that show any actions of Fed Loan Servicing violated this specific section. Instead, Plaintiff alleges the basis for each Claim to be that Fed Loan Servicing failed to notate inaccurate information as disputed[6]–facts that can only support a claim under 15 U.S.C. §1681s-2(a) for which ***no private right of action exists***. Thus, even if Plaintiff's allegations are accepted as true, Plaintiff fails to state a claim upon which relief can be granted because none of the conduct alleged violates 15 U.S.C. §1681s-2(b).

Moreover, merely citing each subsection of 15 U.S.C. §1681s-2(b) without stating anything more in support does not satisfy the pleading standard of Rule 12(b)(6), as such a pleading attempt equates to a threadbare recital of elements of a cause of action, which the Tenth Circuit explains will not suffice. *See Wasatch Equal.*, 820 F.3d at 386. As a result, Plaintiff presents no cognizable legal theory upon which Plaintiff could be entitled to relief and no factual allegation of wrongdoing by Defendant so as to state an actionable claim, under any cognizable legal theory.

---

[6] *See* Complaint p. 4, ¶ 23 ("Defendants have violated 15 U.S.C. §1681s-2(b)(1)(A) in that they have failed to notate the information as disputed after being contacted by the Consumer Reporting Agencies."); Complaint p. 5, ¶ 29 ("Defendants violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to consider all relevant information . . . and to notate the disputed information as disputed."); Complaint p. 6, ¶ 35 ("Defendants violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the notation of the disputed information to the consumer reporting agencies."); Complaint p. 6, ¶ 41 ("Defendants violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to report to the consumer reporting agencies that the information was being disputed."); Complaint p. 7, ¶ 47 ("Defendants have violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to have a procedure to modify the information in their system and report the disputed information with consumer reporting agencies.").

### B.     Plaintiff's Second Claim for Relief Fails to State a Claim

In addition to alleging that Fed Loan Servicing failed to notate inaccurate information as disputed in Plaintiff's Second Claim for Relief, he further alleges that Fed Loan Servicing "violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies . . . ." *See* Complaint p. 5, ¶ 29. Again, by merely alleging that Fed Loan Servicing violated 15 U.S.C. §1681s-2(b)(1)(B) by quoting the provision verbatim, and only tacking on that it was violated by Defendant's failure to notate disputed information as disputed (which has absolutely nothing to do with this provision), Plaintiff's formulaic recitation of the elements of a cause of action under this provision fails to meet the pleading standard. *See Robbins*, 519 F.3d at 1247.

### C.     Plaintiff's Fifth Claim for Relief Fails to State a Claim

Finally, Plaintiff's Fifth Claim for Relief alleges "Defendants have violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to have a procedure to modify the information in their system and report the disputed information with consumer reporting agencies." *See* Complaint p. 7, ¶ 47. There is no requirement in 15 U.S.C. §1681s-2(b)(1)(E) that a furnisher have a procedure in place to modify system information, nor does it require a furnisher to report disputed information with consumer reporting agencies. *See supra* note 2. Thus, even if Plaintiff's allegations in his Fifth Claim for Relief are accepted as true, Plaintiff fails to state a claim upon which relief can be granted because none of the conduct alleged violates 15 U.S.C. §1681s-2(b).

## CONCLUSION

The function of Rule 12(b)(6) is to test "the legal sufficiency of the plaintiff's allegations." *White v. Cont'l Gen. Ins. Co.*, 831 F. Supp. 1545, 1561 (D. Wyo. 1993). Here, such a test of legal sufficiency should lead this Court to see Plaintiff's allegations for what they truly are: an attempt to use 15 U.S.C. §1681s-2(b) as a decoy to sneak fruitless claims into court. For the reasons outlined above, Defendant Fed Loan Servicing respectfully requests that this Court grant its motion to dismiss all of the Claims asserted against it by Plaintiff for his failure to state a claim upon which relief can be granted because no private right of actions exists under the facts and claims set forth in Plaintiff's Complaint.

Respectfully submitted,

s/Judy Hamilton Morse
Judy Hamilton Morse, OBA #6450
Lysbeth George, OBA #30562
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7759
(405) 272-5242 (Facsimile)
judy.morse@crowedunlevy.com
lysbeth.george@crowedunlevy.com
ATTORNEYS FOR DEFENDANT
FED LOAN SERVICING

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Tiffany L. Hill,
thyelegalconsulting@gmail.com
Counsel for Plaintiff Emmitt House

John M. Bunting
jmbunting@phillipsmurrah.com
Counsel for Defendant Tinker Federal Credit Union

Lyndon W. Whitmire
lwwhitmire@phillipsmurrah.com
Counsel for Defendant Tinker Federal Credit Union

/s/ Judy Hamilton Morse
Judy Hamilton Morse