# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMMIT HOUSE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-957-R |
| CREDIT ONE BANK, TINKER FEDERAL CREDIT UNION, and FED LOAN SERVICING, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Fed Loan Servicing's Motion to Dismiss the complaint, Doc. 12. Plaintiff brings this suit for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)(1), against three credit furnishers. Doc. 1. After Plaintiff filed a notice of dispute to credit reporting agencies ("CRAs") concerning two of Defendant's trade lines, Defendant allegedly failed to mark them as disputed in subsequent reports to the CRAs. The question is whether such omissions were "incomplete or inaccurate" as to trigger FCRA liability. 15 U.S.C. § 1681s-2(b)(1)(D). The Court hereby grants the Motion because Plaintiff's complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### I. Motion to Dismiss Standard

A complaint may be dismissed upon a motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled

1

to relief." The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan County,* 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Twombly,* 550 U.S. at 547); *see Iqbal,* 556 U.S. at 676–80. The plaintiff cannot merely give "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Such conclusory allegations are not entitled to the court's presumption for the plaintiff. Instead, the plaintiff must plead facts that at least make the claims plausible and raise the "right of relief above the speculative level." *Id.* at 558.

## II. Background

Some background on the FCRA is necessary:

> [T]he FCRA obligates furnishers of information like [Defendant] to provide accurate information to consumer reporting agencies, 15 U.S.C. § 1681s–2(a), and, upon receiving notice of a dispute from a CRA, to (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable

*Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (citing 15 U.S.C. § 1681s-2(a)–(b)). Only Section 1681s-2(b) is privately enforceable—it imposes on furnishers a duty to investigate and correct misleading information following a

2

dispute—whereas federal or state agencies enforce Section 1681s-2(a)'s duties to provide accurate information in the first place. *Id.*; 15 U.S.C. §§ 1681s-2(c), 1681n, 1681o.

Plaintiff's case under the FCRA is rather straightforward. On or about October 7, 2016, he applied for a residential mortgage loan and noticed what he believed to be "false, inaccurate and unverifiable" information on his consumer report. Doc. 1, at 3. He disputed two of Defendant Fed Loan Servicing's trade lines for $2,904 and $1,750 to the CRAs—TransUnion, Equifax, and Experian. *Id.* The CRAs communicated this dispute to Defendant and Defendant investigated the matter, but subsequent credit reports failed to notate that Defendant's trade lines were disputed. *Id.* at 3–4. So Plaintiff brought five claims under Section 1681s-2(b)(1)(A)–(E) of the FCRA against Defendant. According to the complaint, Defendant's negligent and/or willful conduct caused Plaintiff mental and emotion distress, denial of credit, and higher interest rates. *Id.* at 4.

### III. Discussion

Each of Plaintiff's claims is conclusory and fails to state sufficient facts to "nudge[] [it] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. First, his claim under Section 1681s-2(b)(1)(A) alleges that Defendant "failed to notate the information as disputed after being contacted by the Consumer Reporting Agencies." Doc. 1, at 4–5. Section 1681s-2(b)(1)(A) requires furnishers to "conduct an investigation with respect to the disputed information." It says nothing about notating information as disputed or correcting misleading information. To the contrary, Plaintiff concedes at various points in his complaint that Defendant *did* conduct a post-dispute investigation. *See* Doc. 1, at 3 ("Plaintiff received re-investigation results where Defendants failed to notate that the

3

information was being disputed . . . . Defendants verified to TransUnion, Equifax and Experian . . . ."); 4 ("On or about December 9, 2016, Plaintiff received re-investigation results . . . . On or about February 8, 2017 Plaintiff received re-investigation results . . . ."). Thus, Plaintiff is not entitled to relief on his Section 1681s-2(b)(1)(A) claim.

Second, Plaintiff's claim under Section 1681s-2(b)(1)(B) alleges that Defendant "fail[ed] to consider all relevant information forwarded to [it] by the consumer reporting agencies . . . and to notate the disputed information as disputed to [the CRAs]." *Id.* at 5. Plaintiff quotes the correct statutory language, but he fails to plead facts that make such a violation plausible. *See* 15 U.S.C. §§ 1681s-2(b)(1)(B) (the furnisher shall "review all relevant information provided by the consumer reporting agency . . ."). A "formulaic recitation of the elements of a cause of action" is insufficient to withstand 12(b)(6) dismissal. *Twombly*, 550 U.S. at 555. Nor does failing to notate a trade line "disputed" qualify for relief under Section 1681s-2(b)(1)(B), which merely imposes an obligation to "review all relevant information." Plaintiff's second claim also fails to state a claim upon which relief can be granted.

Third, Defendant allegedly violated Section 1681s-2(b)(1)(C) "by failing to report the notation of the disputed information to the consumer reporting agencies." Doc. 1, at 6. Section 1681s-2(b)(1)(C) requires furnishers to "report the results of the investigation" to the CRAs. Plaintiff's conclusory assertion that the underlying trade line was "disputed" does not present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

Fourth, Plaintiff claims that Defendant "violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to the consumer reporting agencies that the information was being disputed." Doc. 1, at 6–7. Defendant argues that "since the duty of a furnisher to notate that a trade line is disputed to consumer reporting agencies falls squarely within the realm of the duty to provide accurate information per 15 U.S.C. § 1681s-2(a), no private right of action exists for such a claim." Doc. 12, at 5. The Tenth Circuit and sister circuits have squarely rejected this argument. *See Sartori v. Susan C. Little & Assocs., P.A.*, 571 F. App'x 677, 682 (10th Cir. 2014) (unpublished); *Seamans v. Temple Univ.*, 744 F.3d 853, 867 (3d Cir. 2014); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008). Section 1681s-2(a)(3), which is not privately enforceable, requires that furnishers notify CRAs whether a consumer disputes the information furnished to the CRA; yet, "a furnisher's continuing failure to flag an account as disputed" can also constitute a violation of Section 1681s-2(b) for failure to report or correct "incomplete or inaccurate information." *Seamans*, 744 F.3d at 866; 15 U.S.C. § 1681s-2(b)(1)(D).

This is because "the FCRA's requirement that furnishers of information correct 'incomplete or inaccurate' information . . . extends not only to false information, which 'is clearly inaccurate,' but to information provided 'in such a manner as to create a materially misleading impression' as well." *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1186 (10th Cir. 2013) (quoting *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012)). Failure to report a bona fide dispute can create a "materially misleading

impression" and subject furnishers to private FCRA suits. *Id.*; *see also Seamans*, 744 F.3d at 867; *Gorman* 584 F.3d at 1163; *Saunders*, 526 F.3d at 148.

This does not mean that Plaintiff is necessarily entitled to relief—he simply fails to offer more than conclusory allegations. To survive dismissal, Plaintiff must plead facts that plausibly establish the *bona fide* nature of the dispute that Defendant failed to report.

> [A] furnisher does not report "incomplete or inaccurate" information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a *bona fide* dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b).

*Gorman*, 584 F.3d at 1163 (emphasis added). All Plaintiff pleads about the disputed information is that the $2,904 and $1,750 trade lines were "false, inaccurate and unverifiable." Doc. 1, at 3. Merely quoting the statutory language does not suffice. Plaintiff's fourth claim for relief therefore fails to pass Rule 12(b)(6) muster.

Lastly, Plaintiff confronts similar obstacles with his fifth claim under 15 U.S.C. § 1681s-2(b)(1)(E). Defendant allegedly "fail[ed] to have a procedure to modify the information in [its] system and report the disputed information with consumer reporting agencies." Doc. 1, at 7–8. Failure to maintain modification and reporting procedures does not subject Defendant to liability under Section 1681s-2(b)(1)(E).

> After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a [furnisher] to a consumer reporting agency, the [furnisher] shall—
> . . . .
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

6

    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). Looking to the statutory text, the relevant FCRA violation is the particular failure to modify, delete, or permanently block the reporting of "that item of information." *Id.* § 1681s-2(b)(1)(E). There is no precedent for Plaintiff's alleged policies-and-procedures private right of action. To the extent Plaintiff relies on *Seamans* to bolster his claim, that case merely stands for the proposition that systemic reporting deficiencies can support punitive damages for willful conduct—not a free standing Section 1681s-2(b)(1)(E) claim. 744 F.3d at 867–69. Moreover, even if such a claim were available under Section 1681s-2(b)(1)(E), Plaintiff has not pleaded sufficient facts for relief.

  Accordingly, Plaintiff is not entitled to relief against Defendant Fed Loan Servicing and the Motion (Doc. 12) is GRANTED.

  IT IS SO ORDERED this 22nd day of March, 2018.

                */s/ David L. Russell*
                DAVID L. RUSSELL
                UNITED STATES DISTRICT JUDGE